Dear Mayor Smith:
Your request for an Attorney General's Opinion has been referred to me for research and reply. You inquire whether the Zachary Home Rule Charter ("the Charter") provides a process for removal of a council person from office who involves himself with "the appointment, removal, direction, or supervision of a City administrative officer or employee."
Section 2-02 of the Charter contains the "Forfeiture of Office" provision which reads as follows:
 A Council member shall forfeit the office if such member (1) lacks at any time during the term of office any qualification for the office prescribed by this charter, (2) violates any express prohibition of this charter, or (3) is disqualified by law from holding public office. [Emphasis added.]
Prohibited conduct is defined in Section 2-05 (B) of the Charter as follows:
 Except as provided elsewhere in the charter neither the council nor any of its members shall involve themselves in any manner in the appointment, removal, direction, or supervision of any City administrative officer or employee.
Pursuant to this language, a council person would appear to be in danger of forfeiting his council position if he were to be found to have involved himself "in the appointment, removal, direction, or supervision of any City administrative officer or employee." The meaning of "involve" as used herein would seem to connote more than vocal opposition, however strident it may be. It would seem to target a council person's active engagement or participation in the process of hiring, firing, or overseeing City officers or employees when he is not otherwise authorized to act. Under such a definition, a council person who tells a City employee he is fired would run the risk of forfeiture of his position and office, whereas a council person who merely advocates the firing of such employee would not.
The forfeiture of a council person's seat is a serious matter and may very well constitute a taking of a property right under either the Louisiana or United States Constitution, or both. A Home Rule Charter provision that allows for forfeiture would not withstand constitutional challenge unless it was interpreted to have been imbued with certain procedural safeguards. Such safeguards would include the right to confront one's accusers, the right to a fair hearing of the prohibited acts alleged to have been committed, and a majority vote of a quorum of the Zachary City Council on the ultimate question of whether the council person engaged in a prohibited act.
In summary, the Zachary Home Rule Charter does provide a mechanism for the removal from office of a council person who interferes with the hiring, firing, or overseeing of City officers or employees. However, the forfeiture provision, to be valid, must comply with certain fundamental due process requirements.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________ Christopher D. Matchett Assistant Attorney General